UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA JOHNSON, ) | |
|     Plaintiff; ) | |
| ) | |
| vs. ) | CASE NO. 1:15-CV-639 |
| ) | |
| ) | |
| CORRINE WALTERS, ) | |
|     Defendant. ) | |
| STACIE CHUNG, ) | |
|     Defendant. ) | |
| CHERYL LUNDBERG, ) | |
|     Defendant. ) | |
| MICHELLE ALEXANDER, ) | |
|     Defendant. ) | |
| SUE CAMPBELL, ) | |
|     Defendant. ) | |
| AMERICAN FUNDS, INC. ) | |
|     Defendant. ) | |

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, by Counsel, and for her Complaint against the Defendant would state:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans With Disabilities (ADA) Act, 42 USC §12101, et seq., ADA Amendments Act of 2008; Title VII of the Civil Rights Act of 1964; Civil Rights Act of 1991 ; 29 CFR § 1601; and 29 CFR § 1630.

2. This Court has subject matter jurisdiction pursuant to 28 USC §§1331, 1343(3) and (4), 1376 and 1391(b).

## PROCEDURAL ISSUES

3. Prior to this Complaint, Plaintiff filed a claim with the EEOC and received her Right To Sue letter on January 20, 2015.

4. There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge.

## PARTIES

5. Plaintiff is a United States citizen residing in Hendricks County, Indiana and is within the personal jurisdiction of this Court.

6. Defendant Corrine Walters is an employee of American Funds, was the direct supervisor of the Plaintiff, and is a resident of Indiana.

7. Defendant Stacie Chung is an employee of American Funds and was the Plaintiff's Benefits Counselor, and works at the Defendant's Los Angeles, California office.

8. Defendant Cheryl Lundberg is an employee of American Funds and was Plaintiff's Benefits Counselor, and works at the Defendant's Los Angeles, California office.

9. Defendant Michelle Alexander is an employee of American Funds and was a Human Resources Generalist at the Defendant's Indiana office.

10. Defendant Sue Campbell is an employee of American Funds and is a Human Resources/Benefits Counselor in Defendant's Los Angeles, California home office.

11. Defendant American Funds is a California corporation, owned by Capital Group Companies, doing business in several Indiana locations, including Carmel, Indiana, where the alleged events took place.

12. Defendant American Funds employs more than fifteen (15) employees.

## BACKGROUND

13. Plaintiff was an employee of the American Funds, hired in 2002 and working from American Funds' Carmel, Indiana business location.

14. Plaintiff performed her duties well and at her yearly evaluations from 2003-2008, Plaintiff received an "Achieving Expectations" rating from management.

15. In 2008, Plaintiff was promoted to a Managerial position within the Defendant's HOST Division under direct supervision of Corrine Walters.

16. From 2008 to 2011, Plaintiff remained under the supervision of Walters and continued to receive high evaluation ratings.

17. Recognizing that her mental health was in decline, in 2011, Plaintiff sought and received a mental health evaluation.

18. Plaintiff was diagnosed with ADHD, adjustment disorder, depression and anxiety.

19. On or about May 2011, Plaintiff verbally communicated her mental health diagnoses to her immediate supervisor, Corrine Walters, who communicated it further with the other Defendants.

20. Defendant Walters was advised by American Funds to take no action.

21. In November 2012, Plaintiff provided written documentation from the physician explaining the mental health challenges Plaintiff was facing to Defendants Walters, Chung and Alexander.

22. Plaintiff's mental health provider stated Plaintiff would benefit from certain reasonable accommodations to enable Plaintiff to best perform her job tasks and provided a list.

23. Plaintiff formally requested the suggested reasonable accommodations from Defendants via the appropriate channels.

24. Defendants failed to provide reasonable accommodations and failed to adequately describe how the provision of the requested accommodations would be an undue hardship.

25. Plaintiff received yearly ratings of "Achieving Expectations" or "Above Expectations" every year from hire until 2012, at which point she received a "Low Meets" rating.

26. Plaintiff sought and was approved for short-term disability leave from August 19 through October 18, 2013.

27. Plaintiff returned to work at the expiration of disability leave.

28. Defendants again refused to provide reasonable accommodations.

29. Plaintiff was terminated March 14, 2014.

## COUNT I – FAILURE TO PROVIDE ACCOMMODATIONS

30. Plaintiff incorporates all previous paragraphs.

31. Plaintiff is a qualified person with an actual disability, namely the mental impairment of ADHD, adjustment disorder, anxiety and depression, as diagnosed by a licensed healthcare provider.

32. That Plaintiff met the minimal qualifications of her HOST Manager position and was able to perform the essential functions of her job with or without an accommodation.

33. That Plaintiff also has a record of having a mental health disability and appropriately advised Defendants of these conditions.

34. That Plaintiff was regarded as an individual with a mental health disability by Defendants.

35. That Plaintiff's disability substantially limits one or more major life activities such as brain and neurological activities, including working, concentrating, attention to new information, memorizing, recalling, thinking, communicating and interacting with others.

36. That under the Americans With Disabilities Act of 1990, as amended, 42 USC §12101, ADA Amendments Act of 2008, and 29 CFR §§ 1601 and 1630, Defendants are required to provide reasonable accommodations to qualified individuals with disabilities.

37. That the Plaintiff provided a list of suggested reasonable accommodations.

38. That the suggested accommodations would not result in an undue hardship to the Defendants.

39. That the Defendants failed to provide such.

40. That Defendants failed to conduct a proper interactive process to evaluate Plaintiff's needs.

41. That Defendants did not act in good faith in evaluating Plaintiff's accommodation request and did not work with Plaintiff to identify alternative solutions that suffice.

42. That Defendants' failure to provide reasonable accommodations directly caused Plaintiff to not perform her job to her ability and was the direct cause of her termination.

43. That Plaintiff has suffered and continues to suffer harm as a result of Defendants' failure.

## COUNT II – DISPARATE TREATMENT

44. Plaintiff incorporates all previous paragraphs.

45. That the stated reason for Plaintiff's March 18, 2014 termination was due to a specific clerical error.

46. The same clerical error was also performed by at least three other non-disabled management peers employed by Defendant American Funds, including one non-disabled male peer who also reported to Defendant Corrine Walters.

47. The non-disabled male employee supervised by Corrine Walters was not terminated as a result of the same error for which the Plaintiff was terminated.

48. That under the Americans With Disabilities Act of 1990, as amended, 42 USC §12101, ADA Amendments Act of 2008, and 29 CFR § 1630, Defendants are prohibited from treating Plaintiff differently than any non-disabled peers.

49. Defendants singled out the Plaintiff for disparate treatment and hostility due to her disability and request for reasonable accommodation.

50. That the stated reasons for Plaintiff's termination were pretextual and were not legitimate, nondiscriminatory reasons.

51. That the Plaintiff has suffered and continues to suffer harm as a result of Defendants' action.

## COUNT III – UNLAWFUL REPRISAL

52. Plaintiff incorporates all previous paragraphs.

53. Plaintiff engaged in a protected activity by requesting reasonable accommodations under the Americans With Disabilities Act, ADA Amendments Act, Title VII of the Civil Rights Act of 1964, and 29 CFR 1630.

54. Defendants were aware of Plaintiff's mental health disabilities and her request for reasonable accommodation for the same.

55. That under the Americans with Disabilities Act of 1990, as amended, 42 USC §12101, ADA Amendments Act of 2008, and 29 CFR § 1630, Defendants are prohibited from

retaliating against Plaintiff due to her status as a disabled individual or her request for reasonable accommodation.

56. That on or about May 2011, Plaintiff informed Defendant Corrine Walters of Plaintiff's mental health conditions.

57. That following this admission on or about May 2011, Defendant Corrine Walters subsequently subjected Plaintiff to disparaging and hostile comments.

58. That Plaintiff's 2011 year-end evaluation, delivered by Defendant Corrine Walters, inappropriately identified alleged performance deficiencies immediately following Plaintiff's verbal request for reasonable accommodation.

59. That Plaintiff's 2012 year-end evaluation, delivered by Defendant Corrine Walters, after Plaintiff's written formal request for reasonable accommodation was markedly critical of Plaintiff's work.

60. That Plaintiff was issued a Performance Counseling Document in October 2013 noting performance deficiencies.

61. Defendants' stated reasons for Plaintiff's termination were pretextual and were not for legitimate, nondiscriminatory reasons.

62. Plaintiff's request for accommodations precipitated Defendants' reprisal which lead to Plaintiff's termination.

63. Plaintiff has suffered and continues to suffer harm as a result of Defendants' actions.

## COUNT IV – HOSTILE WORK ENVIRONMENT

64. Plaintiff incorporates all previous paragraphs.

65. Plaintiff's supervisor, Corrine Walters, an employee of American Funds, made disparaging remarks regarding Plaintiff's disability.

66. Defendant Michelle Alexander, an employee of American Funds, made disparaging remarks regarding Plaintiff's disability.

67. Plaintiff was subjected to unwelcome verbal conduct involving her protected class.

68. Defendants' harassment was based on Plaintiff's inclusion in a protected class.

69. The harassment was intended to unreasonably interfere with Plaintiff's work performance and creating a hostile work environment.

70. The harassment culminated in a tangible employment actions including Plaintiff's termination in March 2014.

71. Plaintiff has suffered and continues to suffer harm as a result of Defendants' actions.

## COUNT V – INVASION OF PRIVACY

72. Plaintiff incorporates all previous paragraphs.

73. Under Indiana State common law, Plaintiff is legally entitled to privacy regarding her personally identifiable medical information including her mental health diagnoses and requested reasonable accommodations.

74. That Plaintiff's mental health status was made public by Plaintiff herself to her immediate supervisor, Defendant Corrine Walters.

75. That Defendant Corrine Walters then inappropriately shared Plaintiff's medical information and mental health issues with Plaintiff's peer group without Plaintiff's permission or authorization.

76. Plaintiff's peer group did not have any reason to be apprised of Plaintiff's medical information or disability.

77. That the medical information disclosed by Defendant Corrine Walters was not a matter of legitimate public concern.

78. That a reasonable person such as Plaintiff would find the unauthorized disclosure of private medical information to individuals who did not need to know offensive.

79. Plaintiff has suffered and continues to suffer harm as a result of Defendants' actions.

## COUNT VI – DEFAMATION

80. Plaintiff incorporates all previous paragraphs.

81. Under common law, Plaintiff is protected from defamatory communication by another person.

82. Defendants engaged in the unprivileged communication of false statements about Plaintiff's mental health.

83. That such communications were slanderous in nature.

84. That Plaintiff suffered injury to her professional reputation and character as a result.

85. That Defendants unprivileged harmful communications about Plaintiff's mental health directly impaired Plaintiff's ability to successfully manage her subordinate employees and maintain their confidence.

86. That Plaintiff suffered and continues to suffer harm as a result of Defendants' actions.

## COUNT VI – DUE PROCESS VIOLATIONS

87. Plaintiff incorporates all previous paragraphs.

88. Defendant American Funds has documented policy, processes and procedures in place regarding accommodating disabled individuals in the workplace.

89. Defendant American Funds has a zero-tolerance policy of harassment and retaliation in the workplace.

90. Defendant American Funds is obligated to adhere to its own policies, procedures, processes and past practices.

91. Defendant American Funds failed to follow its own policies and procedures when it failed to "carefully consider" Plaintiff's requests for reasonable accommodation.

92. Through their individual and collective actions, Defendants created a harassing, intimidating and hostile working environment for Plaintiff in direct opposition to its zero-tolerance policy.

93. Plaintiff has suffered and continues to suffer harm as a result of Defendants' actions.


WHEREFORE, Plaintiff requests judgement in favor of the Plaintiff for each of the above counts, an award of compensatory and punitive damages, attorney fees and costs of this action, and all other appropriate relief.


So Submitted this 20th day of April, 2015.


/s/ Anthony Rufatto
Anthony Rufatto, 23114-49
Counsel for Plaintiff
7 Launch Way, Fishers, IN  46038
(317) 438-1855
info@indylaborlaw.com